**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Lee Yazzie, | No. CV-21-00784-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition") (Doc. 1). The Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. 27) granting Petitioner's Motions to Expand the Record (Docs. 23, 25) and recommending that the Petition (Doc. 1) and a certificate of appealability be denied and the case be dismissed with prejudice. Petitioner filed his objections to the R&R (Doc. 43) to which Respondents filed a response (Doc. 44). Petitioner filed a motion to strike Respondents' response as untimely. (Doc. 46). After the Magistrate Judge issued the R&R, Petitioner filed an Omnibus Motion for Supplemental Expansion of Record and Evidentiary Hearing (Doc. 28), a Motion for Summary Judgment on his Omnibus Motion (Doc. 42), a Rule 60 Motion for Relief from Judgment from the R&R (Doc. 37), and an Omnibus Motion for Discovery and Evidentiary Hearing (Doc. 48).

## I.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that

1    the district judge must review the magistrate judge's findings and recommendations de
2    novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114,
3    1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d
4    1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo
5    review of factual and legal issues is required if objections are made, 'but not otherwise.'");
6    *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th
7    Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's]
8    recommendations to which the parties object"). District courts are not required to conduct
9    "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*,
10   474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de
11   novo determination of those portions of the [report and recommendation] to which
12   objection is made."). Accordingly, the Court will review the portions of the R&R de novo
13   to which there is a specific objection.

14   **II.    FACTUAL BACKGROUND**

15          The R&R recounts the factual and procedural history of this case, including the
16   underlying state court proceedings, at pages 1–4. (Doc. 27 at 1–4). Neither party has
17   objected to this portion of the R&R and the Court hereby accepts and adopts it.

18   **III.   DISCUSSION**

19          Petitioner sets forth six claims in the Petition. (Doc. 1.) The R&R recommends that
20   this Court deny relief on all claims due to the untimeliness of the Petition under the
21   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the unavailability
22   of statutory and equitable tolling. (Doc. 27 at 4–10.) Petitioner objected to the R&R's
23   recommended findings that he has not demonstrated statutory and equitable tolling. (Doc.
24   43 at 1.) Respondents responded to those objections. (Doc. 44.)

25          As discussed above, this Court need only review the portions of the R&R to which
26   there is an objection. Therefore, the Court adopts the R&R's grant of Petitioner's Motions
27   to Expand the Record (Doc. 23, 25) and determinations that Petitioner failed to raise a
28   colorable claim of actual innocence and that no evidentiary hearing is necessary.

## A.      Petitioner's Motion to Strike Respondent's Response

Petitioner filed a Motion to Strike Respondents' Response to Petitioner's Objections to the R&R, arguing that Respondents failed to file their Response within the 14-day deadline ordered in the R&R. (Doc. 46 at 1–2.) After several deadline extensions, Petitioner served his Objections on Respondents by mail on September 6, 2022. Federal Rule of Civil Procedure 6(d) provides an additional three days to any response deadline where service is made by mail under Rule 5(b)(2)(C). Thus, Respondents' deadline to file their response was on September 23, 2022. Because Respondents filed their response on September 23, 2022, that response is timely and Petitioner's Motion to Strike is denied.

## B.      Time Calculation

The R&R discusses the law governing the AEDPA statute of limitations and the factual circumstances that establish Petitioner's deadline to file his habeas petition absent any applicable tolling. As recounted in the R&R, AEDPA "provides that a one-year statute of limitations period shall apply" to petitions for a writ of habeas corpus by persons in state custody that "runs from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (Doc. 27 at 4) (citing 28 U.S.C. § 2244(d)(1)(A).) The R&R calculates Petitioner's AEDPA statute of limitations as follows:

> On October 31, 2012, the superior court dismissed Petitioner's first PCR proceeding. (Doc. 8-1, Ex. O, at 162.) Petitioner did not seek review in the Arizona Court of Appeals. Therefore, his conviction became final 35 days later, on December 5, 2012. *See* former Ariz. R. Crim. P. 32.9(c) (providing that a petition for review must be filed within 30 days); former Ariz. R. Crim. P. 1.3(a) (five calendar days are added for mailing); Ariz. Crim. P. 1.3 (stating that "whenever a party has the right or is required to take some action within a prescribed period after service of a notice or other paper and such service is allowed and made by mail, 5 days shall be added to the prescribed period."); *State v. Savage*, 117 Ariz. 535 (1978) (applying Rule 1.3(a) to deadline for petition for review from denial of motion for rehearing in PCR proceedings.) Therefore, the one-year limitations period commenced on December 6,

2012, and expired one year later unless tolling applies. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001) (the AEPDA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). The Petition was due by December 6, 2013, absent statutory tolling. Petitioner mailed the Petition on April 30, 2021.

(Doc. 27 at 4–5.) Neither party objected to this statement of the law and facts, and the Court accepts it.

## C. Statutory Tolling

The R&R discusses the law and facts governing statutory tolling of the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(1)(A). Neither party objected to this section of the R&R, and the Court accepts it. Accordingly, Petitioner is not entitled to statutory tolling under § 2244(d)(1)(A).

The R&R also discusses the law and facts governing statutory tolling under § 2244(d)(1)(D) as follows:

The one-year statute of limitations may also begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Accrual under Section 2244(d)(1)(D) begins "when the [petitioner] knows (or through due diligence could discover) the important facts, not when the [petitioner] recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner's claim appears to be related to allegations he raised in PCR proceedings. The trial court summarized Petitioner's claims in his third PCR proceeding:

According to Defendant, he has discovered the following evidence, not previously disclosed by the State: the Victim's medical records, the results of a DNA test, crime scene evidence collected from a master bedroom, other evidence collected from Victim for DNA testing, and the result of the fingernail swab test for Victim. (Notice at 3–4.) He fails to explain when he acquired the evidence, why it is material, what

1
2
3
4

> reasonably diligent efforts Defendant and his
> counsel undertook to obtain it over the past 12
> years, and why it could not have been obtained
> and presented earlier. Nor can the Court discern
> whether the evidence was available prior to trial.

5
6
7
8
9

(Doc. 8-1, Ex. W, at 190.) The court dismissed Petitioner's third PCR petition because he failed "to state a claim for which relief can be granted." (*Id.*) In his fourth PCR proceeding, Petitioner alleged "essential evidence" and "biological samples that were collected from the alleged victim for DNA testing were never disclosed" by the prosecution. (Doc. 8-1, Ex. Z, at 198.) The trial court dismissed his claims:

10
11
12
13
14
15
16
17
18
19
20
21
22

> According to Defendant: "No physical evidence
> was ever produce[d] to the Court by the State
> during pre-trial and at trial." Following his direct
> appeal, Defendant learned that some evidence
> was not in his case file. These items included: the
> victim's medical records from John C. Lincoln
> Hospital, a crime scene diagram, articles of
> clothing, and fingernail and vaginal swabs. The
> police report, however, informed Defendant and
> his counsel where the victim had received
> treatment. Because the order and mandate in
> Defendant's appeal issued in 2010, the evidence
> or lack of evidence is not even new. He also fails
> to explain why the facts are material, other than
> making the conclusory assertion that "the
> outcome of the verdict would have been
> different." Nor does Defendant adequately
> explain why the facts could not have been
> obtained and presented earlier.

23
24

(Doc. 8-1, Ex. AA, at 208.)

25
26
27

Petitioner fails to demonstrate diligence regarding these claims. Petitioner alleges that "physical evidence" was never disclosed by the State. (Doc. 1 at 24.) But Petitioner appears to concede that he found this evidence between 2012 and 2014. Petitioner states in his Petition:

28

> After Petitioner's first unprepared petition was

- 5 -

1
2
3
4
5
6

dismissed, he found some evidence that was never disclosed by the State, which the Petitioner would have used to his defense. The evidence that he requested for were [sic] crime scene diagram, collection of evidence from the crime scene, medical records from John C. Lincoln Hospital, findings of DNA and rape kit, and victim's clothing.

7

(Doc. 1 at 4.)

8
9
10
11
12

Petitioner is well beyond the one-year deadline to file a habeas petition based upon "newly discovered evidence" he possessed in 2014. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) ("The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.").

13
14
15
16
17
18
19
20

Finally, Petitioner argues that in "January 2020, there was a changed law of DNA testing that allowed him to request additional DNA testing." (Doc. 1 at 4.) But Petitioner could have requested DNA testing in his first PCR proceedings under A.R.S. § 13-4240(A), which was enacted into law July 18, 2000.[1] Petitioner's "due diligence" clock began no later than 2014 and expired one year later. *See e.g. Leon v. Ryan*, 2018 WL 7570378, at *2 (D. Ariz. 2018) (recommending denial of untimely petition where petitioner waited four years to request DNA testing). This federal habeas proceeding, initiated on April 30, 2021, is untimely unless equitable tolling applies.

21

(Doc. 27 at 6–7.)

22

Petitioner reasserts his argument from his Petition that the enactment of Arizona

23

---

[1] The statute states:

24
25
26
27

At any time, a person who was convicted of and sentenced for a felony offense and who meets the requirements of this section may request the forensic deoxyribonucleic acid testing of any evidence that is in the possession or control of the court or the state, that is related to the investigation or prosecution that resulted in the judgment of conviction, and that may contain biological evidence.

28

A.R.S. § 13-4240(A) (2000) (added by Laws 2000, Ch. 373, § 1.). This state became effective July 18, 2000. *See* S.B. 1353, 44th Leg., 2nd Reg. Sess. (AZ 2000).

Rule of Criminal Procedure 32.17 reset his one-year statute of limitations to file a habeas petition based on DNA evidence. (Doc. 43 at 2–5.) Petitioner cites to several cases to support his position. Respondents point out that Petitioner's objection is improper because it merely repeats his previous arguments that the Magistrate Judge fully considered in drafting the R&R. (Doc. 44 at 1–2.) The Court agrees and finds that none of Petitioner's cited cases supply a reason to reject the Magistrate Judge's recommendation on statutory tolling in the absence of additional objections. *See Curtis v. Shinn*, No. CV-19-04374-PHX-DGC, 2021 WL 4596465, at *7 (D. Ariz. Oct. 6, 2021) ("[S]imply repeating arguments made in the petition is not a proper objection under Rule 72.").

Arizona Revised Statutes § 13-4240(A), effective July 18, 2000, and Arizona Rule of Criminal Procedure 32.17(a), effective January 1, 2020, are substantively identical. Petitioner does not explain how the enactment of Rule 32.17(a) could reset his one-year statute of limitations when the identical procedures for requesting DNA testing were available to him prior to his post-conviction discovery of the DNA evidence. As noted in the R&R, Petitioner concedes that he became aware of the "newly discovered evidence" on which he seeks DNA testing at some time between 2012 and 2014. (Doc. 27 at 7) (quoting Doc. 1 at 4). Petitioner's deadline to file his habeas petition was on December 6, 2013. Even if Petitioner could reset his statute of limitations for one year at the time that he discovered the previously undisclosed evidence, he fails to show that he exercised due diligence over the last eight or nine years since discovering the evidence. As noted in the R&R, "[t]he 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." (Doc. 27 at 7) (quoting *Ford*, 683 F.3d at 1235). Indeed, Petitioner's objection quotes from *Johnson v. United States*, 544 U.S. 295, 310 (2005), "the [DNA] test result only triggers a new 1-year period if the petitioner began the testing process with reasonable promptness once the DNA sample and testing technology were available." (Doc. 43 at 3.) Petitioner has not adequately shown that he attempted to secure a DNA test with "reasonable promptness" under Section 13-4240(A) after the evidence became available to

him between 2012 and 2014. The enactment of Rule 32.17(a) does not give Petitioner another chance to remedy his failure to act with due diligence. *See Johnson*, 544 U.S. at 310 ("Under the dissent's view, however, the petitioner could wait untold years (perhaps until the death of a key prosecution witness) before calling for the DNA test, yet once he "discovered" the result of that test, he would get the benefit of a rejuvenated 1-year period regardless of the lengthy delay. Such a result simply cannot be squared wit the statute's plain text and purpose.") Thus, Petitioner's objection to the R&R's finding on statutory tolling is overruled.

### D.   Equitable Tolling

The R&R recounted the law governing equitable tolling:

> "A petitioner who seeks equitable tolling of AEPDA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

(Doc. 27 at 8.) Neither party objected to this statement of the law, and the Court accepts it.

The R&R then analyzed the availability of equitable tolling to Petitioner as follows:

> Here, Petitioner fails to demonstrate extraordinary circumstances were the cause of the untimely filing of his Petition. After Petitioner's first PCR proceedings concluded in 2012, Petitioner filed three subsequent PCR motions before

1
2
3
4
5
6
7
8
9
10
11

filing a habeas petition in this Court. As noted above, Petitioner appears to acknowledge he was aware of undisclosed evidence as early as 2014, but he waited until April 30, 2021 to mail the habeas petition. (Doc. 1 at 27.) Petitioner raised claims regarding newly discovered evidence in his third PCR proceeding, but the trial court found that Petitioner failed "to explain when he acquired the evidence, why it is material, what reasonably diligent efforts Defendant and his counsel undertook to obtain it over the past 12 years, and why it could not have been obtained and presented earlier." (Doc. 8-1, Ex. W, at 190.) On April 8, 2019, the court dismissed that PCR matter based upon Petitioner's failure to state a claim for which relief could be granted. (*Id.*) Petitioner waited for more than two years after that ruling to filing his habeas petition. Petitioner has not demonstrated extraordinary circumstances prevented him from filing a timely habeas petition.

12
13
14
15
16
17
18
19
20

On March 9, 2022, Petitioner filed a motion to expand the record to "include additional material" to "fully substantiate a finding for equitable tolling[.]" (Doc. 23 at 1.) Therein, Petitioner seeks to submit records related to a "conflict of interest" of counsel issue (*id.* at 9) and documents related to his state-court proceedings. Petitioner argues that his post-conviction counsel (Sharmila Roy) "endeavored to abandon Petitioner at every opportunity[.]" (*Id.* at 6.) He further asserts counsel failed to investigate his DNA claims and failed to properly correspond with him. (*Id.* at 6–7.)[2] Petitioner also argues PCR counsel has a conflict of interest based upon her appointment and payment by the state. (*Id.* at 9.) Petitioner's supplemental arguments are not persuasive.

21
22
23
24
25
26

The record shows that Petitioner knew of any potential claim that he was abandoned by PCR counsel at least nine years before filing his Petition. Petitioner filed a bar complaint against Ms. Roy that was closed by the State Bar of Arizona on February 1, 2012. (Doc. 23-3 at 7.) The record also shows that Petitioner's PCR counsel sent Petitioner multiple communications discussing issues relevant to Petitioner's case.

27
28

[2] The Court notes that on November 14, 2011, Petitioner's PCR counsel sent Petitioner a letter thoroughly discussing issues relevant to Petitioner's case. (Doc. 23-2 at 13–16.) In the letter, Petitioner's counsel advised him of the right to file a pro-se petition, which he subsequently filed. (*Id.* at 15.) Petitioner did not raise a claim that his PCR counsel abandoned him in his four post-conviction actions.

> (*See* Doc. 23-2 at 13–16 (November 14, 2011 letter discussing issues relevant to Petitioner's case); Doc. 23-3 at 8–9 (February 2, 2012 letter addressing Petitioner's concerns over not receiving the entire trial file).) Petitioner did not raise a claim that his PCR counsel abandoned him in any of his four post-conviction actions. Petitioner is not entitled to equitable tolling based upon the claims and documents presented in his motions to expand the record.[3]

(Doc. 27 at 8–9.) Petitioner raises two objections. First, Petitioner appears to argue that he is entitled to equitable tolling under 28 U.S.C. § 2244(d)(1)(B) because his efforts to file a habeas petition were frustrated by ineffective assistance of counsel, "malfeasant nonappointment of of-right post conviction counsel," and "ensuing prejudicial counsel abandonment." (Doc. 43 at 5-6.) Petitioner's objection does not, however, address the findings made in the R&R or explain why those findings are incorrect. Instead, Petitioner appears to be reasserting his ineffective assistance of counsel and abandonment arguments that the Magistrate Judge considered in recommending a finding of no equitable tolling. Moreover, "there is no constitutional right to counsel on [federal] habeas." *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). Thus, Petitioner's objections do not provide a valid reason to apply equitable tolling here.

Next, Petitioner asserts that, contrary to the R&R's finding that his April 30, 2021 habeas petition was untimely by nine years, he is entitled to equitable tolling because he exercised "unceasing and extraordinary execution of due diligence" "through [his] enlistment of multiple legal organizations." (Doc. 43 at 10.) Petitioner relies on four letters from post-conviction relief legal aid organizations to support his argument. Petitioner's

---

[3] Petitioner cites to *Franklin v. Madden*, 844 Fed. App'x. 991, 993 (9th Cir. 2021) (noting the one-year statute of limitations for a federal habeas petition runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). Petitioner's citation to *Franklin* is unavailing. In *Franklin*, the Court found that representations by an innocence project attorney repeatedly advising petitioner "that it would be filing a habeas petition on [his] behalf" was sufficient to invoke equitable tolling. *Franklin*, 844 Fed. App'x. at 993. The [c]ourt noted that when Petitioner discovered those assertions were incorrect, petitioner hired "new counsel and submit[ed] state and federal habeas petitions quickly." (*Id.*) Here, Petitioner was aware of concerns regarding his counsel in 2012 when he filed a bar complaint. Petitioner waited nine years to file the instant habeas petition.

letters, however, only illustrate that Petitioner was not represented by any of the legal aid organizations over the last nine years. For example, each letter informs Petitioner that the organization is reviewing his application and does not promise to represent him. (Doc. 28 at 13–20.) Petitioner does not provide any evidence that these organizations were retained as his post-conviction counsel at any time prior to his April 30, 2021 habeas filing or that these organizations impeded his ability to file an earlier habeas petition. As noted by Respondents, merely requesting help from these organizations is not enough to warrant equitable tolling if he cannot also show that his inability to retain counsel constituted "some extraordinary circumstance [that] stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Indeed, Petitioner must show that he diligently attempted to pursue his habeas claims in federal court and that some "external force" prevented him from doing so. Thus, Petitioner cannot establish that equitable tolling is warranted here. Petitioner's objections are overruled and the R&R's finding on equitable tolling is adopted.

### E.   Petitioner's Request to Expand Record

Shortly after the Magistrate Judge issued the R&R, Petitioner filed an Omnibus Motion for Supplemental Expansion of Record and Evidentiary Hearing (Doc. 28). Plaintiff then filed a Rule 60 Motion for Relief from Judgment from the R&R (Doc. 37) seeking an amendment to the R&R to consider his Omnibus Motion and a Motion for Summary Judgment on his Omnibus Motion (Doc. 42) arguing that he is entitled to summary judgment because Respondents did not file a response to it. Because the Court rules on Petitioner's Omnibus Motion in this Order as outlined below, the Court denies both Petitioner's Rule 60 Motion and Motion for Summary Judgment as moot.

Regarding Petitioner's Motion to Expand the Record, the Court finds that the four exhibits attached to his motion are relevant to the equitable tolling arguments raised in his objections to the R&R. Each of the attached exhibits are communications from various post-conviction relief legal organizations that Petitioner relies on for his assertion that he demonstrated diligence in pursuing his post-conviction relief, as discussed above. Thus, the Court grants his Motion to Expand the Record. The Court has considered Petitioner's

exhibits in its above analysis on equitable tolling.

Regarding Petitioner's Motion for an Evidentiary Hearing, "the standard [for a § 2254 petitioner] to expand the state-court record is a stringent one." *Shinn v. Ramirez*, 596 U.S. ---, 142 S. Ct. 1718, 1728 (2022). "If a prisoner has 'failed to develop the factual basis of a claim in State court proceedings,' a federal court 'shall not hold an evidentiary hearing on the claim' unless the prisoner satisfies one of two narrow exceptions, and demonstrates that the new evidence will establish his innocence 'by clear and convincing evidence.'" *Id.* (quoting 28 U.S.C. § 2254(e)(2)). For one of the "two narrow exceptions" to be triggered, the petitioner's claim "must rely on (1) a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively applicable by this Court, or (2) 'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" *Id.* at 1734 (quoting § 2254(e)(2)(A)). Neither exception applies to Petitioner's arguments for equitable tolling in this case. Petitioner's Motion for an Evidentiary Hearing is denied. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record.") (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)).

### F.    Petitioner's Motion for Discovery

Petitioner moves the Court to allow discovery into various legal theories, including that (1) his post-conviction relief attorney is not a real person; (2) a pending order to show cause issued by the trial court tolled the AEDPA statute of limitations for several years; (3) the Arizona Justice Project has relevant evidence; and (4) the government is in possession of "suppressed and exculpatory DNA evidence." (Doc. 48.) Petitioner also seeks an evidentiary hearing on the same issues. (*Id.*) Respondents oppose Petitioner's request for discovery and a hearing, arguing that Petitioner has not satisfied the "good cause" standard for discovery in habeas proceedings. (Doc. 49 at 1.)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But a "judge may, for good cause, authorize a party to conduct discovery under the Federal

1    Rules of Civil Procedure and may limit the extent of the discovery." Rules Governing

2    Section § 2254 Cases R. 6(a). Good cause exists "where specific allegations before the

3    court show reason to believe that the petitioner may, if the facts are fully developed, be

4    able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 904; *see also Smith*

5    *v. Mahoney*, 611 F.3d 978, 996 (9th Cir. 2010).

6          Petitioner has not established good cause under any of his proffered legal theories.

7    First, although Petitioner attempts to argue that the government should be required to

8    furnish evidence that his assigned PCR attorney is a real person, that argument is belied by

9    the underlying record containing documentation of correspondence between Petitioner and

10   his counsel. (Doc. 8-1 at 126–34; Doc. 23-1 at 20–22, 31–32; Doc. 23-2 at 13–14; Doc. 23-

11   3 at 7–8). Petitioner has not raised a colorable argument that these documents are fraudulent

12   or otherwise do not establish existence of his counsel of record.

13         Next, Petitioner appears to request documentation related to an order to show cause

14   that he claims has been pending at the trial court since his conviction and sentencing and

15   entitles him to statutory tolling. As respondents note, however, the record shows that the

16   trial court erroneously titled its order denying Petitioner's motion for reconsideration as an

17   order to show cause. Thus, there was never an order to show cause issued or any other

18   pending order that affects the AEDPA statute of limitations here. (Doc. 49 at 3) (citing

19   Doc. 8 at 6–7). Petitioner also argues that the government should be required to provide

20   him with documents that he claims are in the possession of the Arizona Justice Project.

21   (Doc. 48 at 6–8). It is not clear to the Court from Petitioner's arguments that the Arizona

22   Justice Project has any documents relevant to tolling or that any such documents would

23   entitle him to relief on his habeas petition. This is supported by Petitioner's letter from the

24   Arizona Justice Project indicating that the letter "is not a promise to represent [him]." (Doc.

25   28 at 13.)

26         Finally, Petitioner reiterates his argument, without support, that the government is

27   in possession of exculpatory DNA evidence that was withheld from him during the state

28   court proceedings. (Doc. 48 at 2–4). Petitioner has failed to sufficiently establish that there

- 13 -

is any reason to believe that the government is in possession of any withheld DNA evidence. His assertion is speculative and does not demonstrate good cause to open discovery at this stage. Moreover, Petitioner's arguments are highly duplicative of his objections to the R&R and appear to attack the sufficiency of Respondents' response to those objections. To the extent Petitioner's motion merely seeks to reply to Respondents' arguments in their response, such a reply is not permitted and has not been considered by the Court in its determination of whether to adopt the R&R.

Thus, Petitioner's Motion for Discovery and Evidentiary Hearing is denied.

///

///

///

**IV.    CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

1.    the Report and Recommendation (Doc. 27) is **ACCEPTED** and the objections (Doc. 43) are **OVERRULED**;

2.    Petitioner's Motion to Strike Respondent's Response (Doc. 46) is **DENIED**;

3.    Petitioner's Motion for Supplemental Expansion of Record (Doc. 28) is **GRANTED** and Petitioner's Motion for Evidentiary Hearing is **DENIED** (Doc. 28);

4.    Petitioner's Motion for Relief from Judgment (Doc. 37) and Motion for Summary Judgement (Doc. 42) are **DENIED** as moot;

5.    Petitioner's Motion for Discovery and Evidentiary Hearing (Doc. 48) is **DENIED**;

6.    Petitioner's Petition (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE** and the Clerk of the Court shall enter judgment accordingly; and

7.    pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court **DENIES** issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 9th day of December, 2022.

Michael T. Liburdi
United States District Judge